## Celia A. Broad v. Henry A. Broad.
## Henry A. Broad, Appellee, v. Celia A. Broad and Morris Katz, Appellants.

### Gen. No. 23,367.    (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. CHARLES M. THOMSON, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed July 19, 1917. Rehearing denied July 30, 1917.

## Statement of the Case.

Bill by Celia A. Broad, complainant, against Henry. A. Broad, defendant, for divorce, alimony, and for re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

linquishment of his dower in property she and her brother, Morris Katz, had bought jointly.

The bill alleged that during their married life the complainant conducted a rooming-house business in the city of Chicago, from which she derived a large income; that for upwards of four years of said time, she not only supported her husband, as well as herself, but also paid the expense of his education at a medical college and furnished his office at the completion of his college course; that altogether she advanced to him, and paid on his account, upwards of $10,000; that in addition thereto, she saved a part of said income, the amount of which is not alleged, which she invested with her brother, one Morris Katz, in certain real estate, each taking an undivided one-half interest therein; said real estate is worth $18,000, and is incumbered to the extent of $9,000; that she owes her said brother the sum of $2,200 for moneys which he advanced her on account of the purchase price, taxes, maintenance, etc., of said property; and that he has an equitable lien on her undivided one-half interest therein for the moneys so advanced. Cross-bill by Henry A. Broad, cross complainant, against Celia A. Broad and Morris Katz, cross defendants, alleging that the money with which his wife bought the property was the proceeds derived from a partnership rooming-house business; that the title was taken in the wife's name and that said Katz was collecting all the rents, pursuant to a conspiracy between such cross defendants, to defraud complainant, and praying for an accounting, a decree to be owner of an undivided one-fourth interest in the property, the appointment of a receiver of the property, and an injunction against cross defendants to prevent interference with the receiver or disposition of the property. From a decree appointing a receiver, and granting an injunction as prayed, defendants appeal.

HAROLD J. FINDER, for appellant Celia A. Broad.

Broad v. Broad, 207 Ill. App. 253.

DONALD L. MORRILL, for appellant Morris Katz.

SAMUEL J. ANDALMAN and LEON A. BEREZNIAK, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 144*—*when court has jurisdiction to adjust property rights.* In a suit for divorce, a court of chancery has complete jurisdiction to grant all necessary relief, including a division or settlement of the property interest of the parties thereto.

2. DIVORCE, § 34*—*when cross-bill is germane to original bill.* On a bill for divorce, a cross-bill setting up cross complainant's claim to property held in the wife's name, *held* germane to the original bill.

3. DIVORCE, § 27*—*when third person conspiring with wife to defraud husband of property is proper party.* Where a bill by a wife for divorce alleged that a cross defendant advanced to the wife, the other cross defendant, certain money on account of the purchase price of property brought by them jointly and was entitled to an equitable lien thereon, and the cross-bill alleged a conspiracy by cross defendants with the intent to defraud cross complainant of his interest in said property, *held* that the cross defendant other than the wife was a proper party.

4. RECEIVERS, § 4*—*when appointment of receiver to collect rents of property improper.* On a bill by a wife for divorce and cross-bill by the husband against the wife and a third person, charging conspiracy to defraud cross complainant out of his interest in property held in the wife's name which the wife claimed was bought by cross defendants jointly, and for a receiver to collect the rents from the property, *held* that as there were no adverse or conflicting claims to the property and no emergency or danger of loss was shown, the appointment of a receiver was improper.

5. RECEIVER, § 3*—*when showing insufficient to warrant appointment of receiver.* On a bill by a wife for divorce and the relinquishment of the husband's dower interest in property in her name, and cross-bill by the husband against the wife and a third person, charging conspiracy to defraud cross complainant out of his interest in the property and asking for a receiver to protect his interests, *held* that as it did not clearly appear from the showing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

made—which consisted merely of the sworn cross-bill and affidavit denying the allegations therein—that the wife's interest in the property had been purchased with partnership funds belonging to herself and the husband, a court of chancery would not interfere by appointing a receiver.

6. RECEIVERS, § 2*—*when appointment of receiver to protect interest in property is unnecessary.* The appointment of a receiver in a suit for a divorce to protect the husband's interest in property in the wife's name, and which she owns jointly with a third person, is unnecessary where, upon proper showing, the wife could have been enjoined from disposing or incumbering her interest therein during the pendency of the suit.